IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNARD JEMISON, #179080, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:14-cv-197-MEF |
| | ) [WO] |
| | ) |
| LOUIS BOYD, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Bernard Jemison ["Jemison"], a frequent federal litigant, presently incarcerated at the Draper Correctional Facility.[1] In the instant complaint, Jemison alleges that other inmates at Draper have been diagnosed with scabies and takes issue with the manner in which correctional officials are addressing the matter.

**II. DISCUSSION**

Upon initiation of this case, Jemison filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to

---

[1] Jemison styles the complaint as an "Imminent Danger Civil Action" and seeks relief from his current prison living conditions.

bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The undersigned takes judicial notice of federal court records which establish that Jemison, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.[3] The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Jemison v. Haley, et al.*, Case No. 4:00-cv-2941-RBP-HGD (N.D. Ala. 2001) (complaint frivolous); (2) *Jemison v. Sanders, et al.*, Case No. 2:09-cv-962-IPJ-HGD (N.D. Ala. 2009) (complaint frivolous; appeal dismissed as frivolous March 22, 2010); and (3) *Jemison v. Allen, et al.*, Case No. 2:09-cv-1806-SLB-HGD (N.D. Ala. 2010) (complaint

---

[2] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

[3] It is clear from the complaint that Jemison is well aware of the requirements of 28 U.S.C. § 1915(g) and his running afoul of this section's "three strikes" provision.

frivolous).

In the instant complaint, Jemison maintains that he shares toilets, sinks and showers with other inmates confined at Draper who have been diagnosed with scabies and further asserts that the linens and clothes of all inmates are washed in the same washing machines. Jemison complains that correctional officials refuse to provide every inmate at Draper with cleaning supplies so that they may clean the common areas themselves. Jemison also presents the purely speculative claim that the washable items of infected inmates are not properly laundered because these items are not washed in bleach. *Complaint - Doc. No. 1* at 2. Finally, Jemison complains that Draper out sources its laundry to an adjacent correctional facility for washing and argues that Draper should have a laundry facility on site. Jemison makes the conclusory allegation that the failure of correctional officials to undertake his suggested actions has placed him in imminent danger of impending harm.

Although it appears at first glace that the complaint describes a situation under which Jemison *might* be in danger of imminent harm thereby meeting the exception to the "three strikes" rule, the court finds that the complaint should not be viewed in a vacuum. Specifically, it is clear that this court can consider Jemison's extensive litigation history in determining whether Jemison actually presents a situation demonstrating he is in "imminent danger" of a serious physical injury. "In *Moody v. Baker*, the Fifth Circuit, in affirming the District Court's *sua sponte* dismissal of an action, conceded that the prisoner plaintiff's complaint, when 'read in a vacuum,' stated a cognizable claim under 42 U.S.C. § 1983, but

3

that his history of frivolous complains, 'undermine[d] his credibiltiy' and 'occasion[ed] a close scrutiny of his pleadings.'" 857 F.2d 256, 257 (5th Cir. 1988). In that regard, it is also important to note that this court has the responsibility under the Prison Litigation Reform Act to pre-screen prisoner complaints and, in conducting such a review, has "not only the authority to dismiss a claim based upon an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). In conducting such a review, courts are not bound to "accept **without question** the truth of the plaintiff's allegations." *Id*. (emphasis added). Given this authority under the PLRA, it seems clear that the court is not bound to blindly accept the plaintiff's factual allegations for purposes of determining whether he is under imminent danger of serious physical injury." *Jemison v. Culliver, et al.*, Case No. 4:13-cv-271-RBP-HGD (N.D. Ala. 2013) - *Order of Court Summary Dismissal -- Doc. No. 5* at 3 n.2. "In that regard, the court notes that the plaintiff is a serial prison litigator, having filed at least twenty-five (25) prisoner civil rights complaints in [the United States District Court for the Northern District of Alabama] alone." *Id*. at 3. It is likewise interesting that this is the first complaint received by this court referencing a scabies outbreak at Draper. Furthermore, "the fact that the complaint in this action is titled 'Imminent Danger Civil Action' presents the strong inference that the complaint was designed from the outset as an attempt to evade the three strikes provisions of the PLRA." *Id*. at 4.

Jemison does not contend that correctional officials have failed to clean the common areas of the facility but merely asserts they have denied each inmate their own cache of cleaning supplies, an action which would clearly constitute a security risk, to assist in the cleaning process. Jemison likewise makes the assertion that laundry items of infected inmates are not properly cleaned but has no personal knowledge of the actual measures undertaken by correctional officials during the laundering process, i.e., he does not know the exact detergents or chemicals used nor the effectiveness of such. The instant complaint is therefore based solely on Jemison's subjective belief that correctional officials have not acted in an appropriate manner in cleaning the areas accessed by those inmates infected with scabies or laundering the items used by these inmates. Moreover, the court cannot countenance that correctional officials have not undertaken measures they deem necessary to stem the spread of scabies at Draper and it appears their efforts have been somewhat successful as Jemison has not yet contracted scabies during his approximate two-month incarceration at Draper.

The court has carefully reviewed the claims presented in the instant complaint. Based on this review and under the totality of the circumstances relevant hereto, the court concludes that the conclusory allegation made by Jemison "that he is in imminent danger of serious physical injury . . . is insufficient to demonstrate that plaintiff is, in fact, in imminent danger of physical injury. What it demonstrates is that plaintiff is a seasoned vexatious litigant who has read [or obtained knowledge of] 28 U.S.C. § 1915(g) and is manipulating it to serve his

ends." *Skillern v. Jackson*, 2006 WL 1687752, *2 (S.D. Ga. 2006); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (internal quotes omitted) (quoting *McNeil v. United States*, 2006 WL 581081, *3 n.3 (W.D. Wash. March 8, 2006)) (general and/or conclusory allegations are not sufficient to establish the requisite imminent threat of serious physical harm). Consequently, the claims presented by Jemison do not entitle him to avoid the "three strikes" bar of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).).

In light of the foregoing, the court concludes that Jemison's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Jemison failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Bernard Jemison on

6

March 20, 2014 (Doc. No. 2) be DENIED.

2.  This case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 7, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of March, 2014.

                                /s/ Wallace Capel, Jr.
                                WALLACE CAPEL, JR.
                                UNITED STATES MAGISTRATE JUDGE